FILED

STEVEN J. STANWYCK
225 MONTANA AVE. #103
SANTA MONICA, CA. 90403
TELE: 310/451-6043
FAX: 310/451-6004
stanfirm@roadrunner.com

IN PRO PER

2010 JUN -3 PM 3: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-

## LOS ANGELES DIVISION

Bijan Sotudeh, AN INDIVIDUAL,

Plaintiff

vs.

Steven J. Stanwyck, AN INDIVIDUAL
AND DOES 1-5 INCLUSIVE

Defendant

CASE NO. CV.10  4139 · RGK (JCGx)

[LOS ANGELES SUPERIOR COURT CASE SC 107798]

**NOTICE OF REMOVAL**

1. PLEASE TAKE NOTICE THAT pursuant to **28 USC §§ 1331, 1351, 1367, 1441 and 1446-1451** Defendant Steven J. Stanwyck (hereinafter "Stanwyck") hereby removes this case from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California. Removal is proper for the following grounds.

SOTUDEH V. STANWYCK        NOTICE OF REMOVAL

6/3/2010 3:30:16 PM   Receipt #: 139421
                   Cashier : KPAGE [LA 1-1]
Paid by: THE STANWYCK FIRM, APC
2:CV10-04139
2010-086900          5 - Civil Filing Fee(1)
                                        $60.00
Amount :
2:CV10-04139
2010-510000         11 - Special Fund F/F(1)
                                        $100.00
Amount :
2:CV10-04133
2010-086400         Filing Fee - Special(1)
                                        $100.00
Amount :                                350.00
Check Payment : 2812 /

STATE COURT PLEADINGS

2. On **April 29, 2009** Plaintiff Bijan Sotudeh filed a Complaint in the Superior Court of the State of California County of Los Angeles entitled ***Bijan Sotudeh, Plaintiff vs. Steven J. Stanwyck, an individual, and Does 1-15, inclusive, Defendants, SC 107798***, (the "Complaint") as required by ***28 USC § 1446(a)***, attached hereto as **Exhibit 1**.


3. The Summons and Complaint were served upon Defendant Stanwyck on **May 5, 2010**. No other pleadings have been served in that action.


JURISDICTION

4. This case alleging mishandling of the Underlying Federal Court Action, defined below, will also require adjudication of the conduct of the Federal Underlying Case, of issues relating to immunities of cross-defendant diplomatic personnel, under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603  and The Convention for the Unification of Certain Rules For International Carriage by Air, done at Montreal on May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003) reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"). ***Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP (2010) 183   Cal.App.4th 238*** holding that an attorney malpractice action alleging the mishandling of a patent application presented a substantial issue of federal law that had to be adjudicated in federal court.

OVERVIEW OF THE FEDERAL ISSUES & JURISDICTION

5. This case arise from and alleges conduct, the parties, including the Air Jamaica Parties, defined below, and the federal issues over which this court has exclusive jurisdiction *Bijan Sotudeh, Plaintiff vs. Air Jamaica Limited, AKA Air Jamaica Holdings, Limited & Does 1-100, CV 09-3727RGK* (the "Underlying Federal Court Action").

6. Complaint ¶¶ 16, 17, 19, 24, 30-32 & 36 (mentioning by name District Court "Judge Klausner") set forth that the issues to be determined are Underlying Federal Court Action was litigated in this United States District Court.

7. Defendant Air Jamaica Limited's **May 26, 2009** Notice of Removal in the Underlying Federal Court Action, **Doc 1**, without its Exhibit A is attached hereto as **Exhibit 2** and incorporated herein by reference as if fully set forth herein. Defendant Air Jamaica's **June 8, 2009** Answer, **Doc 4**, is attached hereto as **Exhibit 3** and incorporated by reference as if fully set forth herein.

THE AIR JAMAICA PARTIES & THE COMPLAINED OF FAILURE OF STANWYCK TO PERSONALLY & UNILATERALLY RELEASE

8. The gravamen of the Complaint, ¶¶ 23, 25, 27, 28, 30 & 31 is that Defendant Stanwyck personally and on behalf of The Stanwyck Firm, during court ordered mediation before Magistrate Judge Jacqueline Chooijian, in the Underlying Federal Court Action, refused to unilaterally without mutual releases, release "Air Jamaica" and all of The Air Jamaica Parties, therefore here *FRCP § 19(a)(1)* indispensable cross-defendants in this action, over many of which and the claims

**3 OF 5**

relating thereto this court has already determined that it has exclusive jurisdiction, *and which have subjected themselves to the jurisdiction of this court and venue including each of the following  here making a demand to Defendant Stanwyck for the release:*

> Air Jamaica Limited, Air Jamaica Holdings Limited, The Government of Jamaica, Attorney General Dorothy Lightbourne, Charges d'Affaires, a.i. Sharon Miller, Security Attaché Clifford Chambers, Phillip Williams, Michael King, Nadine Bowen, Nerine Small, Mendes & Mount, James W. Hunt, Esq., Mark R. Irvine, Esq., Esq., Warren M. Williams, Esq., and the scores of off shore various underwriters of Lloyds of London insurers. (the "Air Jamaica Parties").

9. Because she is a material witness Central District if California Magistrate Judge Jacqueline Chooijian, must also give evidence in this case. Because of plaintiff's insinuation of District Court Judge Klausner in his ¶ 36 allegations, he may also be required to be a witness in this case.

NOTICE

10. Pursuant to *28 USC § 1446(d),* Stanwyck is today serving this Notice of Removal on the plaintiff. A copy of this Notice is also being filed with the Clerk of the Superior Court Los Angeles County.

CONCLUSION

WHEREFORE, Defendant Stanwyck hereby removes this case from the Superior
Court of the State of California to this federal district court.

Dated: June 3, 2010                                    Respectfully submitted,


_____
Steven J. Stanwyck, In Pro Per

STEVEN J. STANWYCK, ESQ
THE STANWYCK FIRM

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Montana Ave.,#103, Santa Monica, Ca. 90403.

On __JUNE 3__ ,2010 I caused to be served the following documents:

CASE NO:

1. NOTICE OF REMOVAL
2. NOTICE OF RELATED CASES LR 83-1.3(a)(b)+(c)
3. CERTIFICATE OF INTERESTED PARTIES

on the interested parties in this action as follows:

PHILIP A. ~~LEVY~~ LEVY, ESQ
32 TALL HEDGE
IRVINE, CA 92603

__X__ **(BY MAIL)** I caused to be deposited such envelope in the mail at Santa Monica, California.

_____ **(BY FACSIMILE TRANSMISSION)** I transmitted the subject document via fax to the following number(s):

_____ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee(s).

_____ **(BY FEDERAL EXPRESS)** I caused such envelope to be delivered by Federal Express to the offices of the addresses.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the above is true and correct.

**Executed on** __JUNE 3__ ,2010 at Santa Monica, California.

Kelly Ashton
Typed/Printed Name


Signature

**PROOF OF SERVICE**

EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 9 2010

John A. Clarke, Executive Officer/Clerk

By **A. WILLIAMS**
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STEVEN J. STANWYCK, an individual, and DOES 1-15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BIJAN SOTUDEH, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Monica Courthouse
1725 Main Street, Santa Monica, CA 90401

**CASE NUMBER:**
*(Número del Caso):* SC107798

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PHILIP A. LEVY, ESQ., 32 TALL HEDGE, IRVINE, CA 92603. [TEL]: 949 861 4114

DATE: ~~APRIL 23, 2010~~ JOHN A. CLARKE Clerk, by A. William , Deputy
*(Fecha)* APR 2 9 2010 *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

61310
EXHIBIT-1

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 9 2010

John A. Clarke, Executive Officer/Clerk
By A. WILLIAMS
DEPUTY

CASE MANAGEMENT CONFERENCE

AUG 1 7 2010

Date

Judge Joseph S. Biderman

Dept-K
830 am

1   PHILIP A. LEVY, ESQ. [SBN 144445]
    LAW OFFICE OF PHILIP A. LEVY
2   A Professional Corporation
    32 TALL HEDGE
3   IRVINE, CALIFORNIA 92603
    TEL: (949) 861-4114;  FAX: (949) 861-4966
4
    Attorney for Plaintiff Bijan Sotudeh
5

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF LOS ANGELES

10

11                                          SC107798

12   BIJAN SOTUDEH, an individual,     )   CASE NO.
                                        )
13            Plaintiff,               )   CASE ASSIGNED FOR ALL PURPOSES
                                        )   TO THE HONORABLE
14   vs.                               )
                                        )   JUDGE PRESIDING IN DEPT.
15   STEVEN J. STANWYCK, an individual, and  )
16   DOES 1-15, inclusive,             )   COMPLAINT ON CAUSES OF
                                        )   ACTION:
17            Defendants.              )   DECEIT; PROFESSIONAL
                                        )   NEGLIGENCE; BREACH OF
18   _____)   FIDUCIARY DUTY;
                                            DECLARATORY RELIEF;
19                                          CLAIM & DELIVERY OF
                                            CLIENT FILE
20

21   COME NOW PLAINTIFF, BIJAN SOTUDEH, by and through his attorney of record, who

22   alleges on causes of action for money damages, declaration of rights and orders as follows:

23   1.    Plaintiff is informed and believes that Defendant STEVEN J. STANWYCK resides

24         in Los Angeles County, California.

25   2.    Plaintiff is an individual who resides in Los Angeles County, California.

26   3.    Plaintiff is informed and believes that at all times herein mentioned defendant

27

28
                                   COMPLAINT
                                        1

1   STEVEN J. STANWYCK was licensed to engage in the practice of law in the State

2   of California and was practicing law at all times mentioned herein.

3   4.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as

4   DOES 1-15, inclusive, and therefore sues these defendants by such fictitious names.

5   Plaintiff is informed that each defendant sued by such fictitious names are the agent

6   of defendant herein acting within the scope of such authority in doing the things

7   complained of herein and plaintiff will amend the complaint to allege their true names

8   and capacities when ascertained.

9   5.   Plaintiff consulted with defendant STEVEN J. STANWYCK concerning events

10   which took place on an Air Jamaica Flight 075 from Montego, Jamaica to Los

11   Angeles, California on December 31, 2008 ("Flight 075"). In particular, plaintiff and

12   his family including his 18 year old son were first class passengers on Flight 075.

13   Plaintiff's minor son pursuant to permission he received from a flight attendant went

14   to the coach cabin to talk with his teacher who was also a passenger though he had

15   been previously ordered by another flight attendant not to leave the First Class cabin

16   area. The airliner captain arranged for law enforcement authorities to meet the plane

17   on landing and Plaintiff's minor son was briefly detained and then released. (The

18   ("INCIDENT") Plaintiff sought legal advice from Defendant STEVEN J.

19   STANWYCK provided legal advice to Plaintiff BIJAN SOTUDEH concerning the

20   INCIDENT commencing in or about January 2009.

21   5.   Defendant STEVEN J. STANWYCK advised Plaintiff BIJAN SOTUDEH that the

22   INCIDENT was very serious in that reports had been made which would result in his

23   minor son's being listed on the "NO FLY LIST" maintained by the DEPARTMENT

24   OF HOMELAND SECURITY and the TRANSPORTATION SECURITY

25   ADMINISTRATION and which was shared with the security services of other

26   governments and all international common carriers. Defendant STEVEN J.

27

28

COMPLAINT
2

1    Angeles Superior Court Case Number SC 102759. (The "COMPLAINT")

2  13.  The COMPLAINT was not brought on behalf of or in the name of BIJAN

3    SOTUDEH'S son. Defendant STEVEN J. STANWYCK purported to assert a single

4    cause of action for Declaratory Relief in the COMPLAINT. ("The "Action.")

5  14.  In the course of the litigation, Defendant STEVEN J. STANWYCK conducted

6    himself in a bizarre and unprofessional manner. When Air Jamaica disclosed it carried

7    insurance in the amount of ONE BILLION DOLLARS, sometime after July 24, 2009,

8    Defendant STEVEN J. STANWYCK made a settlement demand of policy limits, i.e.,

9    a settlement demand of ONE BILLION DOLLARS.

10  15.  Defendant STEVEN J. STANWYCK treated Air Jamaica's counsel in a relentlessly

11    abusive and insulting manner in order to provoke disputes and the exchange of

12    hundreds of letters. The correspondence of Defendant STEVEN J. STANWYCK was

13    uniformly stilted, stiffly formal, incoherent, and apparently intended to provide

14    Defendant STEVEN J. STANWYCK with an excuse to bill plaintiff an enormous

15    amount of money for work product which is insignificant.

16  16.  On October 22, 2009, Air Jamaica's attorneys accurately characterized the lawsuit

17    presented by Defendant STEVEN J. STANWYCK as follows:

18        Plaintiff is not alleging any bodily injury as to himself or any of
19        his companions and has not seen any medical care provider for
            any injuries. Thus, plaintiff's action is barred as a matter of law
20        under the Montreal Convention. Furthermore, plaintiff lacks
            standing to bing this action as the events described in his
21        complaint were as to his 18 year old son and his son's friend.
            Finally, the only amount of damages alleged to date are as to
22        plaintiff's counsel's fees, not as to the incident itself. Such fees
            are not compensable, even assuming liability.

23  17.  Defendant STEVEN J. STANWYCK confirmed Air Jamaica's attorney's assessment

24    of the case prosecuted by Stanwyck when he stated in "Plaintiff's Settlement

25    Conference Statement S/C Date: 11/5/09 as follows:

26        Plaintiff's monetary damages to the initial time of this Statement
            were the filing fee of $350 and legal fees to date of $84,825.00

27

28

(computed by the 188.5 hours so far expended by Plaintiff's counsel, an experienced litigator of several decades whose normal hourly rate, in these reduced economic times is $450.

18. On November 1, 2009, Defendant STEVEN J. STANWYCK sent to Air Jamaica's counsel a written offer to settle the dispute for $100,000 as follows:

> Plaintiff will agree to dismiss his complaint with prejudice and to release Defendant from all of his claims regarding the 'incidents' referred to in the Complaint with respect to Air Jamaica's disclosures and documents turnover to date, in exchange for the sum of $100,000 of which $75,000 is designated for personal injury, payment of his attorney's fees and costs trough the date of dismissal and a written apology for the 'incidents' ...

19. November 11, 2009, defendant AIR JAMAICA confirmed to Defendant STEVEN J. STANWYCK that it had no reports beyond what it disclosed in the initial disclosures.

20. AIR JAMAICA confirmed it is not aware of any reports from any government agency, including the Los Angeles Airport Police, LAPD, USDHS, TSA, US Customs and Border Protection, Federal Aviation Administration concerning the INCIDENT.

21. Counsel for AIR JAMAICA communicated its offer to settle to Defendant STEVEN J. STANWYCK by letter in which AIR JAMAICA offered to pay $20,000 as a "total and final sum," with "each side to pay its fees and costs other than the offered amount."

22. On November 18, 2009, Air Jamaica offered an apology in the form of a statement of regret.

23. On November 19, 2009, Defendant STEVEN J. STANWYCK informed AIR JAMAICA that Defendant STEVEN J. STANWYCK refused to release defendants in connection with the proposed settlement.

24. Plaintiff BIJAN SOTUDEH was present during a settlement conference and a few days later learned of AIR JAMAICA'S offer to settle for $20,000 and providing an expression of regret. Plaintiff BIJAN SOTUDEH immediately accepted the offer. Defendant STEVEN J. STANWYCK attempted to convince Plaintiff to reject the

1   offer, but Plaintiff was adamant that he wanted to end the litigation.

2   25.   On November 24, 2009, Defendant STEVEN J. STANWYCK confirmed in writing

3   to counsel for Air Jamaica that BIJAN SOTUDEH had already "accepted the $20,000

4   offer," and "that $20,000 is in full settlement of the Action and Underlying Disputes

5   and their attorney's fees and costs" but that Defendant STEVEN J. STANWYCK

6   refused to release Air Jamaica.

7   26.   On November 24, 2009, Defendant STEVEN J. STANWYCK sent a proposed

8   settlement agreement to counsel for Air Jamaica in which Defendant STEVEN J.

9   STANWYCK states:

10          The Jamaica Parties agree to pay and The Passengers agree to
            accept the sum of Twenty Thousand Dollars ($20,000) payable
11          to Steven J. Stanwyck, The Stanwyck Firm. ("the Payment")
            Otherwise, The Parties will each be responsible for their own
12          attorney's fees an costs.

13   27.   On November 30, 2009, Air Jamaica's lawyer informed Defendant STEVEN J.

14   STANWYCK:

15          Regarding your facsimile of today consisting of paragraphs 237-
            240, you have completely misunderstood and mischaracterized
16          our situation. See our letter of 25 November 2998. We have
            agreed to pay $20,000 toward attorney's fees, and we do not
17          have a settlement unless Steven J. Stanwyck and The Stanwyck
            Firm have also signed the Release, as Releasors.

18   28.   Defendant STEVEN J. STANWYCK refused to release AIR JAMAICA and rejected

19   AIR JAMAICA's offer to settle.

20   29.   Instead, Defendant STEVEN J. STANWYCK opposed the Motion for Judgment on

21   the Pleadings previously filed by AIR JAMAICA.

22   30.   On December 8, 2009, the United States District Court entered its order granting AIR

23   JAMAICA's Motion for Judgment on the Pleadings and ordered Plaintiff BIJAN

24   SOTUDEH's case dismissed.

25   31.   On December 11, 2009, Defendant STEVEN J. STANWYCK received Air Jamaica's

26   Bill of Costs as prevailing party in connection with the Action.

27

28

32. On December 14, 2009, after Defendant STEVEN J. STANWYCK had actual notice that the Federal District Court had granted Defendants' Motion for Judgment on the Pleadings, nevertheless, Defendant STEVEN J. STANWYCK counseled plaintiff, BIJAN SOTUDEH as follows:

    1. again, I can assure you that they are continuing to take this very seriously.

    2. I believe that you are even in a better negotiating position no longer limited by the dismissed action.

    3. Remember that we intentionally did not amend our August 31, 2009 so as to keep that suit limited including as we believed that federal court was not the place for this and that all of your and the others federal and state claims are still alive.\

33. On January 20, 2010, Defendant STEVEN J. STANWYCK purported to confirm BIJAN SOTUDEH'S agreement to pay to Defendant STEVEN J. STANWYCK attorney's fees for services rendered in the action at the rate of $275 per hour instead of his "normal" rate of $450 per hour when no such agreement had ever been proposed much less accepted. Although Defendant STEVEN J. STANWYCK acknowledged that plaintiff disputed the fees sought by defendant, nevertheless, defendant failed to provide plaintiff with Notice of Client's Right to Arbitrate under the Mandatory Fee Arbitration requirements of the Business & Professions Code.

34. On February 3, 2010 Defendant STEVEN J. STANWYCK wrote to plaintiff and included in his demand for payment the following statements:

134. So there is no more wiggle room, the dates in the January 20, 2010 letter are firm including the now past due February 1, 2010 payment. I will not informally continue without prompt payment of the substantial legal fees that you agree are due.

.* * *

136. Further, we have a firm arrangement including the reduced hourly rate of $275 based upon prompt payment in lieu of a retainer, indicated by you by a clapping of hands. Otherwise, as I stated on January 9, 2010 my regular $450 rate with interest will apply. Just that you are now emotionally uncommitted as my work is done is of no moment.

35.   On January 20, 2010, Defendant STEVEN J. STANWYCK, after tormenting counsel for Air Jamaica, attempted to manipulate plaintiff by asserting that the anger expressed by Air Jamaica's attorney toward Defendant STEVEN J. STANWYCK was really intended for Bijan Sotudeh as follows:

> For background, candidly, I was unpleasantly surprised that you did not acknowledge that Air Jamaica's counsel's anger directed at me was actually toward you, Jordan and Lailee for what they considered an arrogant, outrageous, and dangerous breach of the peace in international airspace in these dangerous times and dishonesty.

36.   Defendant STEVEN J. STANWYCK had previously encouraged litigation when he characterized the matter very differently on July 20, 2009 in a letter to Plaintiff Bijan Sotudeh as follows:

> Because at its core, this case is about the children and the families, I believe that a proper human face needs to be presented to Judge Klausner and request that you and they appear with me in Court at the Monday, August 3 9:00 am hearing.
>
> As I stated in my July 16, 2009 letter to Defendant's counsel, this case is about the mistreatment of two very young US Citizens and their families, only in the festive mood encouraged by Air Jamaica, returning from a Christmas/New Years holiday. As a father myself, I believe that one of the worst things we can experience is to directly see our families abused or in any sort of pain.

## A FIRST CAUSE OF ACTION FOR
## DECEIT BY MISREPRESENTATION
## AGAINST DEFENDANT STEVEN J. STANWYCK
## AND DOES 1-15.

37.   Plaintiff incorporates every fact alleged in paragraphs 1 through 36 hereof as though each were set forth in full hereat.

38.   Defendant STEVEN J. STANWYCK induced plaintiff to sue Air Jamaica by

COMPLAINT
8

convincing plaintiff that unless he permitted Stanwyck to do so, Plaintiff's son would be stigmatized for the rest of his life by the reports on file with the DHS, TSA and various state, Federal and International Law Enforcement Agencies, and that his educational, and professional opportunities would be impaired and that his ability to travel would be impaired by reason of being listed on the No Fly List.

39. Defendant STEVEN J. STANWYCK made this statement to plaintiff for the purpose of inducing plaintiff to hire Stanwyck and commence litigation against Air Jamaica.

40. At the time Defendant STEVEN J. STANWYCK represented to plaintiff that his son would be stigmatized by the events which occurred on Flight 075, Defendant STEVEN J. STANWYCK made such statements with a reckless disregard for the truth thereof, and knew that the statements were fabricated in order to take advantage of plaintiff.

41. Defendant STEVEN J. STANWYCK represented to plaintiff that the litigation was for his benefit and that of his son, however, Defendant STEVEN J. STANWYCK intended that the litigation was solely for the benefit of Defendant STEVEN J. STANWYCK.

42. Defendant STEVEN J. STANWYCK represented to plaintiff that plaintiff's action was necessary and meritorious. Defendant STEVEN J. STANWYCK knew or should have known that these representations were false, that the action was not necessary and that it was without merit.

43. Had plaintiff known the true facts, he would not have hired Defendant STEVEN J. STANWYCK to sue Air Jamaica.

44. The only reason plaintiff sued Air Jamaica was that Defendant STEVEN J. STANWYCK caused plaintiff to suffer from fear, anxiety and distress for his son and his future.

45. Plaintiff has suffered injuries as a direct and proximate result of the

1   misrepresentations of Defendant STEVEN J. STANWYCK which injuries include but

2   are not limited to the sums he paid to Defendant STEVEN J. STANWYCK as well

3   as the time expended, and the emotional distress and severe anxiety which Defendant

4   STEVEN J. STANWYCK caused plaintiff to suffer and the amount offered by AIR

5   JAMAICA to settle the action which offer was accepted by plaintiff but rejected by

6   Defendant STEVEN J. STANWYCK.

7   46.   The conduct of Defendant STEVEN J. STANWYCK is despicable, and defendant has

8   acted with wilful malice, oppression and fraud with the intent to deprive plaintiff of

9   his lawful rights and property and defendant has therefore oppressed and vexed

10   plaintiff such that the award of punitive damages in an amount sufficient to punish

11   Defendant is appropriate and Plaintiff requests an award of such damages in an

12   amount as may be determined by the trier-of-fact.

13

14   ## A SECOND CAUSE OF ACTION

15   ## FOR PROFESSIONAL NEGLIGENCE

16   ## AGAINST DEFENDANT STEVEN J. STANWYCK

17   ## AND DOES 1-15, INCLUSIVE.

18   47.   Plaintiff incorporates every fact alleged in paragraphs 1 through 46 hereof as though

19   each were set forth in full hereat.

20   48.   The action against Air Jamaica prosecuted by Defendant STEVEN J. STANWYCK

21   was meritless, the complaint filed by defendant Stanwyck was largely

22   incomprehensible, and the conduct of Defendant STEVEN J. STANWYCK in said

23   action was vexatious, hostile and unprofessional.

24   49.   Defendant STEVEN J. STANWYCK rejected the $20,000.00 settlement offered by

25   Air Jamaica although plaintiff unequivocally accepted the offer and agreed to dismiss

26   the Action. However, because Defendant STEVEN J. STANWYCK refused to release

27

28

Air Jamaica, and instead proceeded to oppose Air Jamaica's meritorious Motion for Judgment on the Pleadings, the District Court sustained Air Jamaica's motion for judgment on the pleadings and dismissed plaintiff's Action.

50. Defendant STEVEN J. STANWYCK conducted the litigation in a manner solely intended to cause unnecessary delay and for his own benefit and not for the benefit of plaintiff or his son.

51. Defendant STEVEN J. STANWYCK provoked counsel for Air Jamaica by repeated insults and false accusations of unethical and mendacious conduct in order to provoke disputes and increase the amount of time he could claim to have expended. Defendant STEVEN J. STANWYCK's conduct was intended to harass rather than pursue a good faith and legitimate grievance.

52. Defendant STEVEN J. STANWYCK never provided plaintiff with a written retainer agreement.

53. At all times after Defendant STEVEN J. STANWYCK induced plaintiff to hire him to provide legal services in connection with the INCIDENT, Defendant STEVEN J. STANWYCK failed to exercise reasonable care and skill in undertaking to perform such legal services for plaintiff.

54. As a proximate result of such negligence plaintiff has been injured and suffered damages in the amount of the $20,000 settlement offer, the fees he paid to Defendant STEVEN J. STANWYCK, as well as the mental suffering he has endured as a direct and proximate result of defendant's conduct in the aggregate amount of $270,000.

### A THIRD CAUSE OF ACTION

### FOR TORTIOUS BREACH OF FIDUCIARY DUTY

### AGAINST DEFENDANT STEVEN J. STANWYCK

### AND DOES 1-15.

55. Plaintiff incorporates every fact alleged in paragraphs 1-54 hereof as though each

1      were set forth in full hereat.

2   56.   At all times mentioned herein Defendant STEVEN J. STANWYCK owed fiduciary

3         duties to plaintiff including the duties of loyalty, complete disclosure, utmost honesty,

4         full candor.

5   57.   Defendant STEVEN J. STANWYCK breached the fiduciary duties he owed to

6         plaintiff herein by deceiving plaintiff, placing his own interests ahead of those of

7         plaintiff, conducting the litigation for the benefit of Defendant STEVEN J.

8         STANWYCK instead of plaintiff, and taking advantage of plaintiff.

9   58.   As a direct and proximate consequence of Defendant STEVEN J. STANWYCK's

10        breaches of the fiduciary duties he owed to plaintiff, plaintiff has been injured and

11        suffered damages in the amount of $270,000.00.

12  59.   The conduct of Defendant STEVEN J. STANWYCK is despicable, and defendant has

13        acted with wilful malice, oppression and fraud with the intent to deprive plaintiff of

14        his lawful rights and property and defendant has therefore oppressed and vexed

15        plaintiff such that the award of punitive damages in an amount sufficient to punish

16        Defendant is appropriate and Plaintiff requests an award of such damages in an

17        amount as may be determined by the trier-of-fact.

18                        **A FOURTH CAUSE OF ACTION**

19                          **FOR DECLARATORY RELIEF**

20                  **AGAINST DEFENDANT STEVEN J. STANWYCK.**

21  60.   Plaintiff incorporates every fact alleged in paragraphs 1-59 hereof as though each

22        were set forth in full hereat.

23  61.   Plaintiff is informed and believes that Defendant STEVEN J. STANWYCK contends

24        that plaintiff owes Defendant STEVEN J. STANWYCK approximately $100,000 for

25        legal fees.

26  62.   Plaintiff contends that he owes Defendant STEVEN J. STANWYCK nothing by

27

28

1    reason of the fraud, negligence and breaches of fiduciary duty of said defendant.

2    63.   Therefore, plaintiff desires a binding and final declaration of his rights with respect

3          to defendant STEVEN J. STANWYCK.

4                          **A FIFTH CAUSE OF ACTION**

5                          **FOR CLAIM AND DELIVERY**

6                 **AGAINST DEFENDANT STEVEN J. STANWYCK.**

7    64.   Plaintiff incorporates every fact alleged in paragraphs 1-63 hereof as though each

8          were set forth in full hereat.

9    65.   Plaintiff, by and through his duly authorized attorney requested and then demanded

10         that defendant STEVEN J. STANWYCK return plaintiff's entire file and all papers

11         concerning defendant's representation of plaintiff in the Action.

12   66.   Despite the repeated requests by plaintiff's attorney, defendant STEVEN J.

13         STANWYCK refuses and continues to refuse to return plaintiff's file and papers to

14         him.

15   67.   The files and papers concerning the Action belong to plaintiff whose claim of

16         ownership is superior to that of any person.

17   68.   The refusal of defendant STEVEN J. STANWYCK to return plaintiff's file is

18         wrongful, unauthorized and a breach of the professional and ethical duties which

19         defendant STEVEN J. STANWYCK owes to plaintiff.

20   **WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

21   1.    That judgment be entered against defendant STEVEN J. STANWYCK and in favor

22         of plaintiff BIJAN SOTUDEH.

23   2.    For an award of monetary damages on a first cause of action for fraud against

24         defendant STEVEN J. STANWYCK in the amount of $270,000.00.

25   3.    For an award of monetary damages on the second cause of action for professional

26         negligence in the amount of $270,000.00.

27

28
                                ————————————
                                    COMPLAINT
                                       13

4.     For an award of monetary damages on the third cause of action for breach of fiduciary duty in the amount of $270,000.00.

5.     For punitive damages in an amount to be determined by the trier-of-fact.

6.     For a declaration of rights of the parties, in particular, that plaintiff does not owe to defendant STEVEN J. STANWYCK any amount for attorney's fees in connection with the Action.

7.     For an order that defendant STEVEN J. STANWYCK return plaintiff's file;

8.     For an award of prejudgment interest.

9.     For an award of post judgment interest.

10.    For all such other and further relief as the Court deems just and appropriate.

Dated: April 22, 2010.

LAW OFFICE OF PHILIP A. LEVY
A Professional Corporation

PHILIP A. LEVY

COMPLAINT
14

PLEASE
CONFORM

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 9 2010

John A. Clarke, Executive Officer/Clerk
By ___ A. WILLIAMS ___
DEPUTY

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
PHILIP A. LEVY, ESQ. [SBN 144445]
LAW OFFICES OF PHILIP A. LEVY, APC
32 TALL HEDGE
IRVINE, CA 92603
TELEPHONE NO.: 949 861 4114   FAX NO.: 949 861 4966
ATTORNEY FOR *(Name):* PLAINTIFF BIJAN SOTUDEH

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: SANTA MONICA COURTHOUSE

**CASE NAME:**
SOTUDEH vs. STANWYCK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC107798 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joseph S. Biderman DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☑ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 5. Fraud/Legal Malpractice/Breach Fiduciary Duty/ Dec. Relief/ Claim&Del
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 23, 2010
PHILIP A. LEVY, ESQ.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE:<br>SOTUDEH VS. STANWYCK | CASE NUMBER<br>SC107798 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 4    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SOTUDEH VS. STANWYCK | |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☑ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2 (3.)<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (vertical text): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property — Judicial Review  Unlawful Detainer

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SOTUDEH VS. STANWYCK | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>SOTUDEH VS. STANWYCK | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☑9. ☐10. | | ADDRESS:<br>1725 Main Street, Santa Monica, CA<br>90401 |
|---|---|---|
| CITY:<br>Santa Monica | STATE:<br>CA    ZIP CODE:<br>90401 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Santa Monica</u>_____courthouse in the <u>West</u>_____ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).


Dated: <u>April 28, 2010</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)


---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SC107798

CASE NO. _____

## <u>NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT</u>

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

     **IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____ ~~Judge Joseph S. Biderman~~ _____    Department: ___K___

    Santa Monica Courthouse
       1725 Main Street
       Santa Monica, CA 90401

    ☐     Judge Richard A. Stone
          Beverly Hills Courthouse
          Department WE-X
          9355 Burton Way
          Beverly Hills, CA 90210

     **IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

     **CASE MANAGEMENT REVIEW AND CONFERENCE:**  Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned.  The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period.  Proof of service must be brought to the hearing if not previously filed.  Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued.  (CRC 3.110(f).)
     If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

**TIME STANDARDS:**  Cases will be subject to processing under the following time standards:

**COMPLAINTS:**  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint.  The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed.  (CRC 3.110(b).)

**CROSS-COMPLAINTS:**  No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court.  Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action.  (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management.  These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)     Resolving any discovery disputes and setting a discovery schedule;

(2)     Identifying and, if possible, informally resolving any anticipated motions;

(3)     Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)     Identifying the facts and issues in the case that are in dispute;

(5)     Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)     Determining whether settlement is possible;

(7)     Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)     Other relevant matters.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases;

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)     Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)     Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)     Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)     Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

_____
GERALD ROSENBERG, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -12/1/09

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|
| Attorney(s) for: | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | Status Conference Date: At_____ a.m. in Department_____ . |

THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day  of_____ , 20__ .

Plaintiff _____     Attorney for Plaintifff _____

Defendant _____     Attorney for Defendant _____

## ORDER

It is so ordered:

DATE:_____     JUDGE _____

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31; California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

EXHIBIT 2

1   James W. Hunt - Bar No. 122582
    Mark R. Irvine - Bar No. 137294
2   Warren M. Williams - Bar No. 228742
    **MENDES & MOUNT, LLP**
3   445 South Figueroa Street, 38th Floor
    Los Angeles, California 90071
4   Tel: (213) 955-7700; Fax: (213) 955-7725

5   Attorneys for Defendant
    **AIR JAMAICA LIMITED**
6

7

8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10
11            **CV09-03729 RGK   (JCx)**
12   BIJAN SOTUDEH                    )   Case No.:
                                      )   [Los Angeles County Superior Court
13              Plaintiff,            )    Case No. SC102759]
                                      )
14      vs.                           )
                                      )   **NOTICE OF REMOVAL**
15   AIR JAMAICA LIMITED, AKA AIR     )
     JAMAICA HOLDINGS LIMITED &       )
16   DOES 1-100.                      )
                                      )
17              Defendants.           )
                                      )
18                                    )
                                      )
19   ─────────────────────────────── )

20       PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1441 and
21   1446, DEFENDANT, AIR JAMAICA LIMITED (hereinafter "Air Jamaica"), by
22   and through its attorneys Mendes & Mount, LLP, hereby removes this case from
23   the Superior Court of the State of California, County of Los Angeles, to the United
24   States District Court for the Central District of California.   Removal is proper
25   based on the following grounds:

26                        INTRODUCTION

27       1. On April 23, 2009, Plaintiff Bijan Sotudeh filed a Complaint in the
28   Superior Court of the State of California in and for the County of Los Angeles,

─────────────────────────────── - 1 - ───────────────────────────────

Notice of Removal
816049.1 removal.001.doc

1   entitled *Bijan Sotudeh v. Air Jamaica Limited, aka Air Jamaica Holdings Limited*

2   *& Does 1-100*, as Case Number SC102759. (*See* Plaintiff's *Complaint*, attached as

3   Exhibit "A") No further proceedings have been held in this matter.

4        2. Plaintiff served the summons and complaint by fax, at 6:29 pm on April

5   24, 2009. When service becomes effective for purposes of triggering the removal

6   period is governed by state law. (William W. Schwarzer, A. Wallace Tashima &

7   James M. Wagstaffe, California Practice Guide: Federal Civil Procedure Before

8   Trial, § 2:900 (The Rutter Group 2009), citing *City of Clarksdale v. BellSouth*

9   *Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)). Pursuant to

10   applicable California rules, if the fax is completed after 5 p.m., it is deemed to have

11   occurred on the next court day, or April 27, 2009. (Cal. Rules of Court 2.306(g)).

12   In addition, any right or duty to do any act or make any response after service of a

13   document by fax is extended by two court days, or in this case to April 29, 2009.

14   (Id., Rule 2.306(d).)

15        3. Plaintiff's complaint asserts a single cause of action for declaratory relief.

16   Complaint, ¶¶ 11-19.

17        4. It is alleged that this action arises out of an incident that took place during

18   an international flight on December 31, 2008, from Montego Bay, Jamaica, to Los

19   Angeles, California. It is alleged that Plaintiff's son (who is not a party, and not

20   identified), and the son's friend (also not a party or identified) sought permission

21   from an Air Jamaica flight attendant to leave their first class cabin and visit a

22   passenger in the economy class (the youths are approximately 18 years old since "2

23   years ago [the plaintiff] celebrated his son's 16th birthday."). It is alleged the

24   flight attendant refused their request. It is alleged the minors sought permission

25   from another flight attendant, who granted permission. It is alleged the initial

26   flight attendant then reported the incident to authorities at Los Angeles

27   International Airport. It is alleged that upon arrival at Los Angeles International

28   Airport, the plaintiff and the two youths were escorted off the plane by law

Notice of Removal
816049.1 removal1.001.doc

1  enforcement agents.  Complaint, ¶ 1; *see also* Plaintiff's Exhibit 1 to Plaintiff's

2  Complaint, pp. 1-3.

3       5. The Complaint names only one defendant, "Air Jamaica Limited, AKA

4  Air Jamaica Holdings Limited."  Complaint, ¶ 6.

5  JURISDICTION

6       6. This action is removable based on the Foreign Sovereign Immunities Act

7  because Defendant Air Jamaica is an agent or instrumentality of a foreign state as

8  defined under the Foreign Sovereign Immunities Act.  28 U.S.C. §§ 1330(a),

9  1441(d), 1602-1611; *California Dept. of Water Resources v. Powerex Corp.*, 533

10  F.3d 1087, 1101-1102 (9th Cir. 2008) (finding Canadian corporation that markets

11  electric power to be an organ of foreign state based on fact that British Columbian

12  Government, through a parent company, has sole beneficial ownership and

13  control); *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 348

14  (7th Cir. 2007) (Italian government's ownership of majority of Alitalia Airline's

15  shares "made Alitalia a foreign-government instrumentality (a 'foreign state,' in

16  the language of the Act) fully subject to the Act, 28 U.S.C. §§ 1603(a), (b)(2), and

17  therefore entitled to remove the case to federal district court").); *Gates v. Victor*

18  *Fine Foods*, 54 F.3d 1457, 1460 (9th Cir. 1995) ("The [Foreign Sovereign

19  Immunities] Act's legislative history suggests that Congress intended the terms

20  'organ' and 'agency or instrumentality' to be read broadly. The House Report

21  states that: 'entities which meet the definition of an "agency or instrumentality of a

22  foreign state' could assume a variety of forms, including . . . a transport

23  organization such as a shipping line or airline . . .") (citing H.R. Rep. No. 94-1487,

24  94th Cong. 2nd Sess. (1976), reprinted at 1976 U.S.C.C.A.N. 6604, 6614.)).

25       7. Air Jamaica is the national airline of Jamaica and is wholly owned,

26  through a holding company, by the government of Jamaica, and satisfies

27  instrumentality status under the Foreign Sovereign Immunities Act.  28 U.S.C. §

28  1603(a), (b).  Air Jamaica's Board of Directors is appointed by the Government of

**Notice of Removal**
816049.1 removal.001.doc

1  Jamaica.   Air Jamaica must have approval from the Ministry of Finance before
2  disposing of assets.   It must also have approval from the Ministry of Finance
3  before borrowing funds.   The Government of Jamaica guarantees Air Jamaica's
4  loans.  Air Jamaica's Government must approve any contracts entered into by Air
5  Jamaica above a certain value.  The Ministry of Finance sets the borrowing limits.
6  Thus,   the Government of Jamaica has sole ownership and control over Air
7  Jamaica.    This Court has original jurisdiction without regard to amount in
8  controversy of civil actions against a foreign state pursuant to 28 U.S.C. § 1330,
9  which may be removed pursuant to 28 U.S.C. § 1441(d).

10       8. In addition, this Court has original jurisdiction under 28 U.S.C. §1331,
11  and this case may be removed to this Court by Defendant Air Jamaica pursuant to
12  the provisions of 28 U.S.C. §1441(b), in that it is a civil action arising under the
13  Constitution, treaties or laws of the United States.

14       9. The transportation and disembarkation out of which the subject matter of
15  this action arose was "international carriage" within the meaning of a treaty of the
16  United States known as the Convention for the Unification of Certain Rules for
17  International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No.
18  9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45,
19  1999 WL 33292734 (hereinafter "Montreal Convention").

20       10.   Because the carriage alleged in the Complaint was "international" as
21  defined in Article 1 of the Montreal Convention, the Montreal Convention
22  exclusively governs the rights and liabilities of Plaintiff and Air Jamaica in this
23  action. *El Al Israel Airlines, Ltd. V. Tseng*, 525 U.S. 155 (1999); *see also*
24  *Twardowski v. Am. Airlines, Inc.*, 535 F.3d 952, 959 (9th Cir. 2008); *Carey v.*
25  *United Airlines*, 255 F.3d 1044 (9th Cir. 2001).

26       11.   Accordingly, the action against Air Jamaica exclusively arises under a
27  treaty of the United States within the meaning of 28 U.S.C. § 1331 and, therefore,
28  ///

Notice of Removal
816049.1 removal.001.doc

1     12.    the case may be removed to this Court pursuant to the provisions of

2    28 U.S.C. §§ 1441(b) and 1441(c).

3                     STATE COURT PAPERS

4     13.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and

5    Complaint served on Air Jamaica in the state court litigation is attached as Exhibit

6    A .  Upon information and believe, no other papers have been served in this case.

7                       NOTICE

8     Pursuant to 28 U.S.C. § 1446(d), Air Jamaica is today serving this notice of

9    removal on the plaintiff.  A copy of this Notice is also being filed with the Clerk of

10   the Superior Court, County of Los Angeles.

11                   CONCLUSION

12     WHEREFORE, Defendant Air Jamaica hereby removes this case from the

13   Superior Court of California, County of Los Angeles to this federal district court.

14

15   Dated:  May 26, 2009              MENDES & MOUNT, LLP

16

17                     By:

18                         WARREN M. WILLIAMS

19                         Attorneys for Defendant

20                         **AIR JAMAICA LIMITED**

21

22

23

24

25

26

27

28

**Notice of Removal**
816049.1 removal.001.doc

EXHIBIT 3

8/10/09
**FILE COPY**

1   James W. Hunt - Bar No. 122582
    Mark R. Irvine - Bar No. 137294
2   Warren M. Williams - Bar No. 228742
    **MENDES & MOUNT, LLP**
3   445 South Figueroa Street, 38th Floor
    Los Angeles, California 90071
4   Tel: (213) 955-7700; Fax: (213) 955-7725

5   Attorneys for Defendant
6   **AIR JAMAICA LIMITED**

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12   BIJAN SOTUDEH                    )   Case No.: CV09-3729 RGX
                                      )
13                  Plaintiff,        )
                                      )
14        vs.                         )   ANSWER OF DEFENDANT AIR
                                      )   JAMAICA LIMITED TO
15   AIR JAMAICA LIMITED, AKA AIR     )   COMPLAINT
     JAMAICA HOLDINGS LIMITED &       )
16   DOES 1-100.                      )
                                      )
17                  Defendants.       )
                                      )
18   ─────────────────────────────   )

19

20

21        DEFENDANT, AIR JAMAICA LIMITED (hereinafter "AIR JAMAICA"),

22   answers Plaintiff's complaint as follows: AIR JAMAICA denies every allegation in

23   Plaintiff's complaint, except as hereinafter specifically admitted, qualified, or

24   otherwise answered.

25   **Parties and Overview of the Incident About which Relief is Requested**

26   1.   AIR JAMAICA admits that Plaintiff has attached four exhibits to his

27   complaint, and that exhibit 2 attached to Plaintiff's complaint is a copy of a letter

28   from AIR JAMAICA. Except as expressly admitted, AIR JAMAICA denies the

6/3/10
EXHIBIT 3

─────────────────────────────────────────────
Air Jamaica Answer to Complaint

592364.1                          -1-

1   allegations of paragraph 1.  To the extent Plaintiff attempts to state a claim against

2   AIR JAMAICA based on allegations contained in the exhibits to his complaint, the

3   allegations are denied.

4       2.   AIR JAMAICA admits that Exhibit 1 to Plaintiff's complaint is a copy

5   of a letter from Steven J. Stanwyck dated January 22, 2009 that was faxed to Ms.

6   Shirley Williams, Chairman of the Board Air Jamaica & Mr. Bruce Nobles,

7   President & CEO Air Jamaica.  Except as expressly admitted, AIR JAMAICA

8   denies the allegations of paragraph 2.

9       3.   AIR JAMAICA admits that Exhibit 2 to Plaintiff's complaint is a copy

10   of a letter from Nerine A. Small, General Counsel Air Jamaica to Plaintiff's counsel

11   dated February 3, 2009, and that the letter states in part that she would be in touch

12   with him in short order.  Except as expressly admitted, AIR JAMAICA denies the

13   allegations of paragraph 3.

14       4.   AIR JAMAICA admits that Exhibit 3 to Plaintiff's complaint is a copy

15   of a letter from Steven J. Stanwyck to Nerine A . Small, Esq., General Counsel Air

16   Jamaica, dated February 12, 2009.  Except as expressly admitted, AIR JAMAICA

17   denies the allegations of paragraph 4.

18       5.   AIR JAMAICA admits that Exhibit 4 to Plaintiff's complaint is a copy

19   of a letter from Steven J. Stanwyck to Nerine A . Small, Esq., General Counsel Air

20   Jamaica, dated April 4, 2009.  Except as expressly admitted, AIR JAMAICA denies

21   the allegations of paragraph 5.

22       5 [sic].   AIR JAMAICA lacks knowledge or sufficient information to

23   form a belief as to the truth of the allegations in paragraph 5[1], and therefore denies

24   them.

25       6.   · AIR JAMAICA admits that it is a foreign corporation, and that Los

26   Angeles was one of the locations of the incident described in Exhibit 1 to Plaintiff's

27

28

---

[1] This is the second of two paragraph 5's.

Air Jamaica Answer to Complaint

592364.1

-2-

1  complaint.  Except as expressly admitted, AIR JAMAICA  denies the allegations of

2  paragraph 6.

3      7.    AIR JAMAICA lacks knowledge or sufficient information to form a

4  belief as to the truth of the allegations in paragraph 7, and therefore denies them.

5      8.    The allegations in paragraph 8 are directed toward other defendants;

6  therefore, no response is required.  To the extent a response is required, AIR JAMAICA

7  lacks knowledge or sufficient information to form a belief as to the truth of the

8  allegations in paragraph 8, and therefore denies them.

9      9.    The allegations in paragraph 9 are directed toward other defendants;

10  therefore, no response is required.  To the extent a response is required, AIR JAMAICA

11  lacks knowledge or sufficient information to form a belief as to the truth of the

12  allegations in paragraph 9, and therefore denies them.

13      10.   AIR JAMAICA lacks knowledge or sufficient information to form a

14  belief as to the truth of the allegations in paragraph 10, and therefore denies them.

15            **Cause of Action for Declaratory Relief**

16      11.   Answering the allegations in paragraph 11, AIR JAMAICA incorporates

17  its previous responses as though fully set forth herein.

18      12.   AIR JAMAICA admits that Exhibit 1 attached to Plaintiff's complaint

19  is a copy of a letter sent to AIR JAMAICA.  AIR JAMAICA lacks knowledge or

20  sufficient information form a belief as to the truth of the remaining allegations of

21  paragraph 12, and therefore denies them.

22      13.   AIR JAMAICA lacks knowledge or sufficient information to form a

23  belief as to the truth of the allegations in paragraph 13, and therefore denies them.

24      14.   AIR JAMAICA denies the allegations of paragraph 14.

25      15.   AIR JAMAICA denies the allegations of paragraph 15.

26      16.   AIR JAMAICA denies the allegations of paragraph 16.

27      17.   AIR JAMAICA lacks knowledge or sufficient information form a belief

28  as to the truth of the allegations in paragraph 17, and therefore denies them.

---

Air Jamaica Answer to Complaint

592364.1

1      18.    No response is required to the extent that the allegations in paragraph

2 18 state legal conclusions.  To the extent a response is needed, AIR JAMAICA

3 denies all of the allegations in paragraph 18.

4      19.    No response is required to the extent that the allegations in paragraph

5 19 state legal conclusions.  To the extent a response is needed, AIR JAMAICA

6 denies that there are only undisputed facts.

7     **AFFIRMATIVE AND ADDITIONAL DEFENSES**

8     AIR JAMAICA states the following as separate affirmative defenses to

9 Plaintiffs' complaint:

10     **FIRST AFFIRMATIVE DEFENSE**

11     1.    The complaint, including each purported cause of action therein, fails

12 to state a claim upon which relief can be granted.

13     **SECOND AFFIRMATIVE DEFENSE**

14     2.    Plaintiff is not entitled to a declaratory judgment based on the facts

15 alleged.

16     **THIRD AFFIRMATIVE DEFENSE**

17     3.    Plaintiff's claim fails as a matter of law as there was no contract

18 between Plaintiff and Defendant, express or implied.

19     **FOURTH AFFIRMATIVE DEFENSE**

20     4.   · Plaintiffs' damages, if any, were caused or contributed to by the acts

21 and/or omissions of Plaintiff, or by others over whom Defendant has or had no

22 control or right to control.

23     **FIFTH AFFIRMATIVE DEFENSE**

24     5.    Plaintiff's damages, if any, were directly and proximately caused, or

25 contributed to, by the acts and/or omissions of other individuals or entities over

26 whom Defendant has or had no control or right of control, and for whom

27 Defendant is not responsible.  Said acts and/or omissions intervened between the

28 acts and/or omissions of Defendant, if any, and were the sole, direct and proximate

1   cause of Plaintiff's damages, if any.  Plaintiff's recovery, if any, should therefore
2   be barred or diminished in accordance with applicable law.

3   **SIXTH AFFIRMATIVE DEFENSE**

4       6.    Defendant places in issue the negligence, fault and responsibility, if
5   any, of all persons who contributed in any degree to the damages and/or losses
6   alleged to have been sustained by Plaintiff, in proportion to each person's
7   negligence, fault, or responsibility. Judgment, if any, against Defendant should be
8   diminished to an amount that represents its degree of negligence, fault or
9   responsibility, if any.

10   **SEVENTH AFFIRMATIVE DEFENSE**

11      7.    The complaint, including each purported cause of action therein, is
12   barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

13   **EIGHTH AFFIRMATIVE DEFENSE**

14      8.    Plaintiff's claim fails as a matter of law as there was no consideration
15   for the purported contract.

16   **NINTH AFFIRMATIVE DEFENSE**

17      9.    The complaint, including each purported cause of action therein and
18   the attached exhibits, may be barred, in whole or in part, by the doctrine of unclean
19   hands.

20   **TENTH AFFIRMATIVE DEFENSE**

21      10.   The complaint, including each purported cause of action therein and
22   the attached exhibits, may be barred, in whole or in part, by Plaintiff's conduct in
23   voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

24   **ELEVENTH AFFIRMATIVE DEFENSE**

25      11.   The complaint, including each purported cause of action therein,
26   should be dismissed on the ground that Plaintiff has failed to join necessary and
27   indispensable parties.
28   ///

Air Jamaica Answer to Complaint

592364.1

## TWELFTH AFFIRMATIVE DEFENSE

12.   The complaint, including each purported cause of action therein and the attached exhibits, is barred, in whole or in part, because the complained of acts or inactions were in conformity with regulations and guidelines provided or approved by the United States Government.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiff's claims for exemplary or punitive damages, if any, are barred or limited by provisions of the United States Constitution and by state constitutional and statutory provisions, including without limitation, proscriptions against double jeopardy and excessive fines, and provisions assuring due process and equal protection under the laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   The complaint, including each purported cause of action therein and the attached exhibits, may be barred, in whole or in part, if the government invokes the state secrets privilege to preclude production of information necessary to the Defendant's defense or to Plaintiffs' prima facie case.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   The complaint, including each purported cause of action therein, fails to present a justiciable controversy.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   Plaintiff's claims are barred or preempted in whole or in part by federal law, statutes and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   The Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention") provides plaintiff's exclusive remedy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Punitive damages are not recoverable under the Montreal Convention.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff lacks standing and/or the capacity to pursue the claims in this lawsuit and/or is otherwise not the proper party to bring the claims asserted in the complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    This is an inconvenient forum and this action should be dismissed based upon the doctrine of *forum non conveniens.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims may be barred because of a defect or nonjoinder of parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than California, including the laws of other states or foreign countries. Defendant hereby gives notice pursuant to Fed. Rule of Civ. Proc. 44.1 that it may raise issues in this action concerning a foreign law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's action may be barred, in whole or in part, by the release or limitations stated in his airline ticket.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Pursuant to 28 U.S.C. § 1441 (d) and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a), plaintiff has no right to a jury trial.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    To the extent Plaintiff bases his claim on privileged communications, such statements are privileged under California Civil Code section 47 and cannot provide a basis for recovery by Plaintiff.

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Defendant reserves the right to add those additional defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery, and further reserves the right to assert any additional affirmative defense asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

WHEREFORE, AIR JAMAICA prays for judgment as follows:

1.    Plaintiff take nothing from AIR JAMAICA by virtue of the unverified complaint;

2.    AIR JAMAICA be awarded its costs of suit herein; and

3.    AIR JAMAICA be granted such other and further relief as the Court may deem just and proper.


Dated:  June 8, 2009                        MENDES & MOUNT, LLP


                                            By: _____
                                                Warren M. Williams
                                                Attorneys for Defendant
                                                AIR JAMAICA LIMITED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 4139 RGK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| Steven J. Stanwyck | Bijan Sotudeh |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Steven J. Stanwyck<br>225 Montana Ave. #103<br>Santa Monica, CA 90403 310/451-6043 | Philip A. Levy, Esq<br>32 Tall Hedge<br>Irvine, CA 92603 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ $270,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV 09-03729RGK(JCx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Washington, DC, Jamaica |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date June 3, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |