Morton Minikes, Esq. (SBN 34308)
email:  minikeslaw@verizon.net
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025-1506
Telephone:  (310) 826-3791
Facsimile:  (310) 312-3836

Andrea Lynn Rice, Esq. (SBN 94314)
email:  alriceesq@aol.com
LAW OFFICES OF ANDREA LYNN RICE
A Professional Corporation
3420 Ocean Park Blvd., Suite 3030
Santa Monica, California 90405
Telephone:  (310) 450-6789
Facsimile:  (310) 450-2112

Attorney for Counter Defendants
Michael Mavadat, Farnaz Mahdavi
Mavadat and Lailee Mavadat

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJAN SOTUDEH, an individual, | Case No. CV10-4139 RGK (JCGx) |
| Plaintiff, | [Assigned For All Purposes to the Honorable R. Gary Klausner] |
| v. | |
| STEVEN J. STANWYCK, an individual, and Does 1-15, | **NOTICE OF MOTION, AND MOTION OF COUNTER DEFENDANTS MICHAEL MAVADAT, FARNAZ MAHDAVI MAVADAT AND LAILEE MAVADAT FOR AN ORDER REMANDING THIS ACTION TO THE LOS ANGELES SUPERIOR COURT OF THE STATE OF CALIFORNIA; OR, IN THE ALTERNATIVE TO DECLINE TO EXERCISE JURISDICTION OVER THESE COUNTER DEFENDANTS; OR TO DISMISS THE COUNTER CLAIM FOR FAILURE TO STATE A CLAIM [FRCP § 12(B)(1) and (6)]** |
| Defendants. | |
| STEVEN J. STANWYCK, an individual, | |
| Counter Claimant, | |
| v. | |
| INIQUITIES CONSIGNMENT HOUSE, a California Corporation; BARRINGTON COLLECTION, composition unknown; CHILDREN CHARITIES, a non profit corporation; BIJAN SOTUDEH, an individual; MISHA FARSAD SOTUDEH, an individual; JORDAN SOTUDEH, an individual; MICHAEL MAVADAT, an individual; FARNAZ MAHDAVI MAVADAT, an individual; LAILEE | Date:    August 23, 2010<br>Time:    9:00 a.m.<br>Courtroom:  850 |

1

1   MAVADAT, an individual; AIR                )
    JAMAICA LIMITED, AIR JAMAICA             )
2   HOLDINGS LIMITED, THE                    )
    GOVERNMENT OF JAMAICA,                   )
3   ATTORNEY GENERAL DOROTHY                 )
    LIGHTBOURNE, CHARGES                     )
4   D'AFFAIRES, A.I. SHARON MILLER,          )
    SECURITY ATTACHÉ CLIFFORD               )
5   CHAMBERS, PHILIP WILLIAMS,               )
    MICHAEL KING, NADINE BOWEN,              )
6   AND NERINE SMALL; MENDES &               )
    MOUNT; JAMES W. HUNT, ESQ.,              )
7   MARK R. IRVINE, ESQ., AND                )
    WARREN M.WILLIAMS, ESQ.; ACE             )
8   GLOBAL MARKETS (AGM 2488);               )
    ACE GLOBAL MARKETS, ACE                  )
9   EUROPEAN GROUP LTD.; QBE                  )
    AVIATION SYNDICATE 5555;                  )
10  GLOBAL AEROSPACE                          )
    UNDERWRITING MANAGERS                     )
11  LIMITED, FOR BERKSHIRE                    )
    HATHAWAY INT'L INSURANCE;                 )
12  GREAT LAKES REINSURANCE                   )
    (UK); TOKIO MARINE EUROPE                 )
13  AND MITSUI SUMITOMO INS. CO.             )
    (EUROPE); STARR UNDERWRITING             )
14  AGENTS LIMITED ON BEHALF OF              )
    LLOYDS SYNDICATE CVD 1919                )
15  AND LLOYD'S SYNDICATE BRM                )
    1361; TRV 5000; GREAT LAKES              )
16  MUNICH RE GROUP; ASPEN                    )
    INSURANCE UX LTD.; XL 1209;              )
17  MAX INSURANCE EUROPE                      )
    LIMITED; TOKIO MARINE &                   )
18  NICHIDO FIRE INSURANCE                    )
    COMPANY LTD.; ARCH AERO                  )
19  COMPANY PER INTERAERO; AXA               )
    CORPORATION SOLUTIONS                    )
20  ASSURANCE SA; PARTNER RE                 )
    IRELAND INSURANCE LTD.;                  )
21  LA REUNION AERIENNE; MISR                )
    INSURANCE COMPANY; GENERAL               )
22  INSURANCE CORPORATION OF                 )
    INDIA; DONGBU INSURANCE                  )
23  COMPANY; SAMSUNG FIRE &                  )
    MARINE INSURANCE CO., LTD.;              )
24  THE NEW INDIA ASSURANCE                  )
    COMPANY LIMITED; AND THE                 )
25  ORIENTAL INSURANCE COMPANY              )
    LIMITED,                                  )
                                              )
26              Counter Defendants.           )
                                              )
27

28  ///

2

TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 23, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled court, located at 255 E. Temple Street, Los Angeles, California, counter defendants Michael Mavadat, Farnaz Mahdavi Mavadat and Lailee Mavadat (hereinafter "the Mavadat counter defendants") will jointly bring for hearing, pursuant to 28 U.S.C. § 1446, a motion to remand this action from the United States District Court to the Los Angeles Superior Court of the State of California. Said motion will be made on the grounds that removal was defective under the "well-pleaded complaint" rule.

In the alternative, the Mavadat counter defendants request that this court either (1) decline to exercise supplemental jurisdiction over the claims against the Mavadat counter defendants pursuant to Federal Rule of Civil Procedure 12(b)(1) or (2) make its order, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), dismissing the Counter Claim of Steven J. Stanwyck for failure to state a claim against the Mavadat counter defendants upon which relief can be granted.

No conference of counsel is required before the filing of this motion because Plaintiff is appearing pro se and is no longer authorized by the State of California to act as an attorney. (Local Rule 7-3.)

This motion will be based on this notice, the attached Memorandum of Points and Authorities, upon all records, pleadings and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:                                   LAW OFFICES OF ANDREA LYNN RICE
                                         A Professional Corporation

                                         *Andrea Lynn Rice*

                                         By:_____
                                              ANDREA LYNN RICE
                                              Attorneys for Counter Defendants
                                              Michael Mavadat, Farnaz Mahdavi
                                              Mavadat and Lailee Mavadat

(CV009215Motion To Remand or Dismiss)

3

# **TABLE OF CONTENTS**

Page

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . **4**

   1.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   2.   THIS ACTION SHOULD BE REMANDED TO THE STATE COURT BECAUSE THE COMPLAINT DOES NOT INVOLVE ANY ISSUES EXCLUSIVE TO THE FEDERAL COURT . . . . . . . . 5

   3.   THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE CLAIMS AGAINST THE MAVADAT COUNTER DEFENDANTS . . . . . . . . 8

   4.   STANWYCK'S COUNTER CLAIMS AGAINST THE MAVADAT COUNTER DEFENDANTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.   Claim 1 for "Fraud" Fails to State a Claim for Relief . . . . . . . 10

      B.   Claim 4 for "Breach of Contract" Fails to State a Claim for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      C.   Claim 5 for "Elder Abuse" Fails to State a Claim for Relief Against Any of the Mavadat Counter Defendants . . . . . . . . . . 12

      D.   Claim 6 for "Declaratory Relief" Fails to State a Claim for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   5.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

i

# **TABLE OF AUTHORITIES**

Page

<u>CASES</u>

*Balcorta v. 20th Century-Fox Film Corp.,*
  208 F.3d 1102, 1106 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bolkiah v. Superior Court* (1999) 74 Cal.App.4th 984
  88 Cal.Rptr.2d 540 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Caterpillar, Inc. v. Williams*, 482 U.S. 386,
  107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*City of Chicago v. International College of Surgeons,*
  52 U.S. 156, 118 S.Ct. 523 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Doe v. United Airlines, Inc.* (2008)
  160 Cal.App.4th 1500, 73 Cal.Rptr.3d 541 . . . . . . . . . . . . . . . . . . . . . . . . 8

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*
  (2002) 535 U.S. 826, 122 S.Ct. 1889 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re GlenFed, Inc., Sec. Lit.*, 42 F.3d 1541 (9th Cir. 1994) . . . . . . . . . . . . 10

*In Re West Caribbean Airways, S.A.,*
  619 F.Supp.2d 1299 (S.D. Fla., 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Iverson, Yoakum, Papiano & Hatch v. Berwald*
  (1999) 76 Cal.App.4th 990, 90 Cal.Rptr.2d 665 . . . . . . . . . . . . . . . . . . . . 12

*Karp v. Dunn* (1964) 225 Cal.App.2d 186,
  40 Cal.Rptr. 93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Landmark Screens, LLC v. Morgan, Lewis & Backius, LLP*
  (2010) 183 Cal.App.4th 238, 107 Cal.Rptr.3d 373 . . . . . . . . . . . . . . . . . . . 5

*Lavadenz de Estenssoro v. American Jet, S.A.,*
  944 F. Supp. 813 (C.D. CA 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miceli v. MGM Grand Air, Inc.* (1996)
  51 Cal.App.4th 702, 59 Cal.Rptr.2d 311 . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Neitzke v. Williams*, 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*P.T. Airfast Services Indonesia v. Sup.Ct.* (1983)
  139 Cal.App.3d 162, 188 Cal.Rptr. 628 . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Romero v. International Terminal Operating Co.,*
  358 U.S.C. 54, 381, 79 S.Ct. 468 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Taylor v. Anderson*, 234 U.S. 74, 34 S.Ct. 724 (1914) . . . . . . . . . . . . . . . . 6

*Vaden v. Discover Bank,    U.S.    ,*
  129 S.Ct. 1262, 173 L.Ed. 2d 352 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ii

*Verlinden B. v. Central Bank of Nigeria,*
    461 U.S. 480, 103 S.Ct. (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATUTES

California Penal Code § 240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Penal Code § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Welfare and Institutions Code § 15610 . . . . . . . . . . . . . . . . . . . . . . . . 13

California Welfare and Institutions Code § 15610.07(a) . . . . . . . . . . . . . . . . . . . . 13

California Welfare and Institutions Code § 15610.30 . . . . . . . . . . . . . . . . . . . . . . 13

California Welfare and Institutions Code § 15610.51 . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rule of Civil Procedure, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . 4, 10, 15

Federal Rules of Civil Procedure, Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . 4, 9, 15

Federal Rules of Civil Procedure, Rule 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Welfare and Institutions Code § 15610.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## MEMORANDUM OF POINTS AND AUTHORITIES

1.   <u>INTRODUCTION</u>.

This motion is brought by Michael Mavadat, Farnaz Mahdavi Mavadat and Lailee Mavadat (hereinafter "the Mavadat counter defendants").

The complaint that initiated this action alleges claims for deceit, professional negligence, breach of fiduciary duty, declaratory relief, and claim and delivery of client file. Although the complaint fails to allege any possible grounds for federal jurisdiction because none exists, nonetheless, a Notice of Removal was filed by defendant Steven J. Stanwyck (hereinafter "Stanwyck").

Further, after improperly removing this matter to federal court, Stanwyck, perhaps in the misguided hope of creating a defense to remand where there is none, filed his "answer and counter claims."

The counter claims are for fraud, extortion, racketeering conspiracy, breach of contract, elder abuse, and declaratory relief. Of these claims, only four involve all or some of the Mavadat counter defendants. The first claim for fraud is alleged against all "defendants," which presumably includes the Mavadat counter defendants. The fourth claim for breach of contract is addressed to, *inter alia*, against only Michael Mavadat. The fifth claim for elder abuse" is addressed to all "cross-defendants." The sixth claim for declaratory relief involves all of the Mavadat counter defendants.

The Mavadat counter defendants bring this motion on the grounds that the "well-pleaded complaint" rule requires remand of this mater to the Los Angles superior Court.

This motion is brought on the alternative grounds that 1) this court should decline to exercise supplemental jurisdiction over the Mavadat counter defendants and dismiss them pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1); or 2) dismiss them under the authority of Federal Rule of Civil Procedure, Rule 12(b)(6) for Stanwyck's failure to state a claim for relief against the Mavadat counter defendants on any theory.

///

///

4

2.   THIS ACTION SHOULD BE REMANDED TO THE STATE COURT BECAUSE THE COMPLAINT DOES NOT INVOLVE ANY ISSUES EXCLUSIVE TO THE FEDERAL COURT.

For purposes of both original jurisdiction and removal, the only pleading that can be considered is the complaint as it stands at the time of removal.  Grounds for removal cannot be based on a counter claim, cross-claim or third party claim raising a federal question, whether filed in state or federal court.  Otherwise, counter defendants could "manipulate" removal jurisdiction.  (*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998).)  As set forth above, the complaint alleges only claims for deceit, professional negligence, breach of fiduciary duty, declaratory relief, and claim and delivery of client file, none of which involve federal jurisdiction.

In removing the matter, Stanwyck relied on the recent California appellate opinion in *Landmark Screens, LLC v. Morgan, Lewis & Backius, LLP* (2010) 183 Cal.App.4th 238, 107 Cal.Rptr.3d 373.  In that case, the court observed that "unquestionably legal malpractice is a state law claim."  (183 Cal.App.4th at pp. 244-245.)  Nonetheless, the court held that since the federal district courts have sole jurisdiction over patent cases, the case should have properly been filed in the federal district court.  The court in *Landmark Screens* based its decision on the language of Title 28, § 1338 of the United States Code, which provides in relevant part, that, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. . . .  Such jurisdiction shall be exclusive of the courts of this state in patent . . . cases."

By contrast with the situation in *Landmark Screens*, the alleged malpractice in this case is not based upon any issues or claims which are exclusively within the jurisdiction of the federal court.

The holding in *Landmark Screens*, while not applicable to the present matter, is consistent with the well-pleaded complaint rule.  Pursuant to that rule, in considering

5

whether to accept a removed case, federal courts consider only what necessarily appears in plaintiff's statement of his or her claim, unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose. (*Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724-725 (1914); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.* (2002) 535 U.S. 826, 830, 122 S.Ct. 1889, 1893.) Further, whether a case "arises under" federal law does not depend upon matters raised in the answer. The United States Supreme Court has rejected proposals that the answer as well the complaint be consulted before a determination is made whether the case "arises under" federal law. (*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, *supra*, 535 U.S. at pages 830-831, 122 S.Ct. at p. 1893.)

Further, as set forth above, a counter claim, which appears as part of the defendant's answer, is not as part of the plaintiff's complaint and cannot serve as the basis for "arising under" jurisdiction. (*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, *supra*, 535 U.S. at page 831, 122 S.Ct. at p. 1893.) Indeed, it is immaterial that the counter claim asserts claims completely preempted by federal law. "Under the well-pleaded complaint rule, a completely preempted counter claim remains a counter claim and thus does not provide a key capable of opening a federal court's door." (*Vaden v. Discover Bank*, __ U.S. _____, 129 S.Ct. 1262, 1276, 173 L.Ed. 2d. 352 (2009).) The well-pleaded complaint rule makes plaintiff the master of the claim. Plaintiff may avoid federal jurisdiction by exclusive reliance on state law. (*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed. 2d 318 (1987).) "The only exception to that rule arises if the state court claims alleged in the complaint are entirely preempted by federal law." (*Balcorta v. 20th Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987).) That is not the case here.

The two defenses raised as grounds for removal in Stanwyck's removal notice are not alleged in the complaint. Those defenses are: the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603 and the Convention for the Unification of Certain Rules For

6

International Carriage by Air, done at Montreal on May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003, reprinted in S. Treaty Doc. 106-45, 1999 WL 3329274) (hereinafter "Montreal Convention").  As will be shown below, neither of these "anticipated defenses" is solely within the jurisdiction of the federal courts. Consequently, they do not give rise to grounds for removal of plaintiff's complaint to federal court.

The "Foreign Sovereignty Immunities Act," 28 U.S.C. § 1330(a), provides in pertinent part:

> The district courts shall have original jurisdiction without regard to amount in controversy of any non-jury civil action against a foreign state as defined in Section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under Sections 1605-1607 of this title or under any applicable international agreement.

Nowhere in 28 U.S.C. § 1330 has Congress granted exclusive jurisdiction to the federal courts.  Indeed, the United States Supreme Court in *Verlinden B. v. Central Bank of Nigeria*, 461 U.S. 480, 103 S.Ct. (1983), made it clear that, in enacting the Foreign Sovereign Immunities Act, Congress did not prohibit state courts from exercising jurisdiction over foreign sovereigns, but "sought to ensure that any action that might be brought against a foreign sovereign in state court could also be brought in or removed to federal court." (461 U.S. at p. 491, fn. 16.)  Consistently therewith, California courts have exercised such concurrent jurisdiction.  (*Bolkiah v. Superior Court* (1999) 74 Cal.App.4th 984, 987-988, 88 Cal.Rptr.2d 540.)

Likewise, under the Montreal Convention as under the Warsaw Convention, federal courts do not have exclusive jurisdiction.

In *Lavadenz de Estenssoro v. American Jet, S.A.*, 944 F. Supp. 813 (C.D. CA 1996), the court observed that neither the United States Supreme Court nor the Ninth

Circuit Court has found that causes of action created by the Warsaw Convention replace state law causes of action.  The court further found Congress did not intend the Warsaw Convention to preempt state law (944 F.Supp. at pp. 815-816).  Further, evidence that the federal courts do not have exclusive jurisdiction over Warsaw or Montreal Convention claims is found in the numerous California state cases addressing such claims — e.g., *Miceli v. MGM Grand Air, Inc.* (1996) 51 Cal.App.4th 702, 59 Cal.Rptr.2d 311; *P.T. Airfast Services Indonesia v. Sup.Ct.* (1983) 139 Cal.App.3d 162, 188 Cal.Rptr. 628; and *Doe v. United Airlines, Inc.* (2008) 160 Cal.App.4th 1500, 73 Cal.Rptr.3d 541.

In *Doe*, an action was brought in state court for the recovery of damages under the Warsaw Convention.  The Court of Appeal found the Warsaw Convention to be materially identical to the Montreal Convention (160 Cal.App.4th 1505, fn. 2). Similarly, in *In Re West Caribbean Airways, S.A.*, 619 F.Supp.2d 1299 (S.D. Fla., 2007), the court specifically noted that the stated purpose of the Montreal Convention was to "modernize and consolidate the Warsaw Convention and related instruments."  (*Id.* at p. 1314.)  Consequently, jurisdiction over issues relating to both conventions are shared by the state and federal courts.

Consequently, this matter was improperly removed and should be remanded to the Los Angeles Superior Court.

If, for some reason, this court should decide not to remand the matter, then in the alternative, it should decline to exercise supplemental jurisdiction upon the grounds and for the reasons stated below.

3.    THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE CLAIMS AGAINST THE MAVADAT COUNTER DEFENDANTS.

The only claims against the Mavadat counter defendants arise under state law. Nor is there an independent jurisdictional basis for Stanwyck's state law claims; there is no allegation of diversity between Stanwyck, a California resident, and the Mavadat

8

counter defendants, also California residents.  (*Romero v. International Terminal Operating Co.*, 358 U.S.C. 54, 381, 79 S.Ct. 468, 485 (1959).)

A complaint may be dismissed, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), for lack of subject matter jurisdiction.  (*Neitzke v. Williams*, 490 U.S. 319 (1989) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  Moreover, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  (Fed. Rules of Civ. Proc., Rule 12(h)(3).)

28 U.S.C. § 1367 addresses the issue of supplemental jurisdiction.

The United States Supreme Court held that federal courts may decline to exercise jurisdiction over supplemental state law claims "depending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. . . . (*City of Chicago v. International College of Surgeons*, 52 U.S. 156, 172, 118 S.Ct. 523, 534 (1997).)  Supplemental jurisdiction is only proper where the relationship between federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution."  (28 U.S.C. §1367(a).)  Supplemental jurisdiction "include(s) claims that involve the gender or intervention of additional parties."  (28 U.S.C. § 1367(a).)  As set forth in *City of Chicago*, *supra*, "our decisions have established that pendent (supplemental) jurisdiction is a doctrine of discretion, not a plaintiff's right. . . ."

As set forth above, Federal Rule of Civil Procedure, Rule 12(b)(1) authorizes dismissal of a pleading based upon lack of subject matter jurisdiction.  The Mavadat counter defendants respectfully move this court under that rule to dismiss them from this action.

Should this court not decline to exercise supplemental jurisdiction over the Mavadat counter defendants, they ask this court, in the alternative, to dismiss the claims against them for failure to state a claim upon which relief may be granted.

9

4.    STANWYCK'S COUNTER CLAIMS AGAINST THE
MAVADAT COUNTER DEFENDANTS SHOULD BE
DISMISSED FOR FAILURE TO STATE A CLAIM.

Federal Rule of Civil Procedure, Rule 12(b)(6) authorizes the filing of a motion for "failure to state a claim upon which relief can be granted."

As demonstrated below, each of the claims alleged against the Mavadat counter defendants fails to state a claim against them.

A.    Claim 1 for "Fraud" Fails to State a Claim for Relief.

Further, Rule 9, entitled "Pleadings Special Matters," states at subsection (b): "In alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake.  Malice intent, knowledge and other conditions of a person's mind may be alleged generally."

The Ninth Circuit has identified two aspects of this particularity requirement. First, the plaintiff's allegations must identify the time, place, and content of the alleged misrepresentation so that the defendant can identify the statement.  Second, the plaintiff must plead facts explaining why the statement was false when it was made.  (*In re GlenFed, Inc., Sec. Lit.*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994).)

Causes of action for fraud or misrepresentation must contain the following essential allegations:  (1) Representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage.  (*Karp v. Dunn* (1964) 229 Cal.App.2d 186, 189, 40 Cal.Rptr. 93.)

Stanwyck does not allege that he relied on any representation or concealment allegedly performed by the Mavadat counter defendants, or any of them.

Stanwyck has clearly failed to comply with this requirement.  Stanwyck fails to plead with specificity the allegations of fraud against the Mavadat counter defendants in the first claim of his Counter Claim.

///

///

10

The only allegation against Michael Mavadat, Farnaz Mahdavi Mavadat and Lailee Mavadat is found at paragraph 119, where they are simply identified as "cross-defendants."   Consequently, Stanwyck's incorporation at paragraph 113 of "each allegation in this answer and cross-complaint included in any claim is hereby incorporated by reference as if full set forth herein," is inadequate to allege a claim for relief against these moving parties.

Stanwyck's allegations at paragraph 114 are similarly vague.  This paragraph states:

> 114.   Cross Defendants, including with and on behalf of each other, made intentional misrepresentations and concealments to Cross Complainant or about Cross Complainant the specific intentions of depriving Cross Complainant of the property and legal rights, intended to cause injury that in fact directly, proximately and foreseeably did so.

Consequently, no claim has been stated against these moving parties and Stanwyck's Counter Claim should be dismissed as against the Mavadat counter defendants.

> B.   <u>Claim 4 for "Breach of Contract" Fails to State a Claim for Relief</u>.

The only allegation against Michael Mavadat in this claim is found at paragraph 132, where Stanwyck alleges as follows:

> 132.   Cross Defendant Michael Mavadat, given on May 4, 2010 a Notice of Clients right to arbitrate is indebted to Cross Complainant in the sum of $5,400.00 with interest at 10% per annum thereafter.

All that this claim informs us is that Michael Mavadat was a client of Stanwyck. It does not allege that a written fee agreement existed between Stanwyck and Michael

11

Mavadat.  Such a written fee agreement is a prerequisite to suing for breach of contract. A written fee agreement is required in both contingency fee cases (California Business and Professions Code § 6147) and in non-contingency fee cases where the client is not a corporation and it is reasonably foreseeable that the total fees and expenses will exceed $1,000.00 (California Business and Professions Code § 6148(a)(d)(4)).  Such a written contract must be signed by the client or the client's representative or guardian (Business and Professions Code §§ 6147(d) and 6148(a)).

While there are exceptions to this mandate; that is, "in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impracticable" (California Business and Professions Code § 6148(d)(1)), or where the attorney's services are "of the same general kind as previously rendered" to and paid for by the client (California Business & Professions Code § 6148(d)(2)), none of these are alleged here.

In the absence of such a written agreement, no cause of action for breach of contract will lie, since the fee agreement is "voidable" at the client's option and, in such an event, the attorney's remedy is limited to a quantum meruit recovery, not a claim for breach of contract.  (*Iverson, Yoakum, Papiano & Hatch v. Berwald* (1999) 76 Cal.App.4th 990, 994-997, 90 Cal.Rptr.2d 665.)

Consequently, no claim for breach of contract has been stated.

C.   <u>Claim 5 for "Elder Abuse" Fails to State a Claim for Relief Against Any of the Mavadat Counter Defendants</u>.

The allegation of elder abuse is as general and insufficient as any other of Stanwyck's allegations.  At paragraph 135, counter claimant alleges only:

135.   Cross Complainant Steven J. Stanwyck, 65 years of age, particularly susceptible because of diabetes and a thyroid condition, about which Cross Defendant []s knew was the target of relentless outrageous attacks meant to cause him

12

1                 great harm and the inability to defend himself, all causing such

2                 harm requiring extensive medical treatment.

3       There is nothing in the complaint tying these allegations to the Mavadat counter

4 defendants.   As set forth above, the only allegation is that the Mavadat counter

5 defendants were clients of Stanwyck.   Further, no claim for "elder abuse" has been

6 stated.

7       Under California Welfare and Institutions Code § 15610.07, "[a]buse of an elder

8 or dependent adult" means either of the following:

9           (a)     Physical abuse, neglect, financial abuse, abandonment,

10                     isolation, abduction, or other treatment with resulting

11                     physical harm or pain or mental suffering or

12           (b)     The depravation by a care custodian of goods or

13                     services that are necessary to avoid physical harm or

14                     mental suffering.

15       Clearly, Stanwyck does not appear to be alleging financial abuse (California

16 Welfare and Institutions Code § 15610.30); nor is Stanwyck alleging the deprivation of

17 "goods and services necessary to avoid physical harm or mental suffering (California

18 Welfare and Institutions Code § 15610).   Nor can a theory of "neglect" apply in the

19 present case, because such a claim only arises where the alleged negligent party has care

20 or custody of an elder or dependent adult.   (California Welfare and Institutions Code

21 § 15610.51.)   There is no allegation of abandonment, isolation or abduction, or of the

22 "deprivation by a care custodian of goods or services that are necessary to avoid physical

23 harm or mental suffering (California Welfare and Institutions Code § 15610.07(a).)

24       The categories of physical abuse that are available on a theory of elder or

25 dependent adult abuse include:

26           (a)     Assault, as defined in § 240 of the Penal Code;

27           (b)     Battery, as defined in § 242 of the Penal Code;

28

      (c)     Assault with a deadly weapon or force likely to produce great bodily injury, as defined in § 245 of the Penal Code;

      (d)     Reasonable physical constraint or prolonged or continual deprivation of food or water;

      (e)     Sexual assault;

      (f)     Use of a physical or chemical restraint or psychotropic medication. . . .

None of these categories applies to the allegations before the court. Under California Penal Code § 240, assault is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." That is not what is alleged here. All that is alleged is that someone yelled at Stanwyck. California Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another." Sexual assault and assault with a deadly weapon are clearly not alleged. Nor is use of physical or chemical restraint or psychotropic medication."

In other words, no cause of action for elder abuse has been stated.

    D.   <u>Claim 6 for "Declaratory Relief" Fails to State a Claim for Relief</u>.

The Mavadat counter defendants are at a loss to ascertain what precisely is being requested in this claim.

Paragraphs 138 and 139 allege as follows:

    138.   Cross Complainant alleges and believes that each of the Sotudeh Parties Cross Defendants & Mavadat Parties Cross Defendants were clients and entitled to confidentiality of their communications and all of their file in the Sotudeh v. Air Jamaica matter in state and federal court, where four (4) of them appeared at the August 3, 2009 Status Conference, and the INCIDENT. Some of them dispute this.

14

139.   Therefore, Cross Complainant requests that this Court issue a declaration of the rights and responsibilities to those duties and rights.

These allegations do not state a claim for declaratory relief or any theory.

5.   <u>CONCLUSION</u>.

For all the reasons set forth above, the Mavadat counter defendants respectfully request that this court order this matter remanded to the Los Angeles Superior Court of the State of California.

Alternatively, the Mavadat counter defendants respectfully request that this court either (2) decline to exercise supplemental jurisdiction over the claims against the Mavadat counter defendants pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) or (2) dismiss the Mavadat counter defendants from this lawsuit with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

DATED:                              LAW OFFICES OF ANDREA LYNN RICE
                                    A Professional Corporation


                                    *Andrea Lynn Rice*


                                    By:_____
                                        ANDREA LYNN RICE
                                        Attorneys for Counter Defendants
                                        Michael Mavadat, Farnaz Mahdavi
                                        Mavadat and Lailee Mavadat

(CV009215Motion To Remand or Dismiss)

15